**Marshall P. SAFIR, Appellant,**

v.

**Robert J. BLACKWELL, Maritime Administrator, Maritime Administration, U. S. Department of Commerce, et al., Appellees.**

**No. 237, Docket 72-1753.**

United States Court of Appeals, Second Circuit.

Argued Nov. 27, 1972.

Decided Nov. 29, 1972.

---

Marshall P. Safir, pro se.

Gilbert S. Fleischer, Atty. in Charge, Admiralty and Shipping Section, Dept. of Justice, New York City (Harlington Wood, Jr., Asst. Atty. Gen., Robert A. Morse, U. S. Atty., of counsel), for appellees Robert J. Blackwell, Maritime Administrator, and others.

Richard S. Salzman, Washington, D. C. (J. Franklin Fort, Kominers, Fort, Schlefer & Boyer, Washington, D. C., of counsel), for appellee Moore-McCormack Lines, Inc.

Elmer C. Maddy, New York City (Kirlin, Campbell & Keating, New York City, of counsel), for appellee United States Lines, Inc.

James N. Jacobi, Washington, D. C. (Kurrus & Jacobi, Washington, D. C., of counsel), for appellee American Export Lines, Inc.

Michael O. Finkelstein, New York City (Barrett, Knapp, Smith, Schapiro & Simon, New York City, Daniel H. Margolis, and Bergson, Borkland, Margolis & Adler, Washington, D. C., of counsel), for appellee Prudential-Grace Lines, Inc.

Before FRIENDLY, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

PER CURIAM:

In this case, which is now here for the third time, see Safir v. Gibson, 417 F.2d 972 (2 Cir. 1969); Safir v. Gibson, 432 F.2d 137 (2 Cir.), cert. denied, 400 U.S. 850, 91 S.Ct. 57, 27 L.Ed.2d 88 (1970), plaintiff Safir moved to require the ship operator defendants to pay into escrow moneys expected to become payable to them in consequence of the sale of certain American flag ships authorized by Public Law 92–296, 86 Stat. 140, which became effective May 17, 1972. The motion was based on plaintiff's fear that the defendants might not be financially able to respond to a direction for the repayment of operating differential subsidies which may be made by the Maritime Administration Maritime Subsidy Board in the proceeding, Docket No. S. 243, instituted as a result of our first decision. The Assistant Secretary of the Board and of the Administration submitted an affidavit indicating that the Government entertained no doubt of its ability to recover, by set-off or otherwise, any amounts that might ultimately be found to be repayable. Accepting this

conclusion, the district court denied the requested relief.

The judge's order was well within his discretion; he was not bound to accept plaintiff's assertions that the recoveries will run vastly beyond the sums recommended by the Chief Hearing Examiner in respect of three of the four ship operator defendants. We share plaintiff's concern over the time that the Maritime Administration has taken to decide this matter, especially in light of the narrowing of the issues by our 1970 decision. However, we were advised at argument that, at long last, the matter has now been finally submitted, and we expect it to be promptly decided.

Plaintiff complains of a statement by the district judge that he would have no interest in any recovery by the Government. This statement was unnecessary to the decision and we have no occasion either to approve or to disapprove it.

Affirmed.